IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO COLON MONTANEZ, | : | |
| | : | |
| Plaintiff, | : | Case No. 4: CV-04-2569 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, Ph.D., | : | (Judge McClure) |
| Secretary & Commissioner of the | : | (Magistrate Judge Mannion) |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

April 24, 2006

**BACKGROUND:**

On November 29, 2004, plaintiff Domingo Colon Montanez, an inmate at the State Correctional Institution at Fayette, LaBelle, Pennsylvania commenced this section 1983 civil rights action against the defendant Secretary Department of Corrections. Plaintiff asserts that the Department of Corrections ("DOC") policy, DC-ADM 005, violates his constitutional rights by depriving him of property without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution. He asserts that this deprivation occurs when the DOC makes deductions from Montanez's inmate account pursuant to DC-ADM 005,

1

issued pursuant to 42 Pa. C.S.A. § 9728(b)(5). Plaintiff seeks monetary damages in his complaint.

The matter was initially referred to United States Magistrate Judge Malachy Mannion.

On May 20, 2005, defendant Beard filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)6 for failure to state a claim upon which relief can be granted. On February 14, 2006, Magistrate Judge Mannion issued a fourteen-page report recommending that Beard's motion to dismiss be granted. Montanez was provided an extension of time to file objections to the report and recommendation and those objections are now before the court.

We will remand the case the magistrate judge in light of the following recent decisions.

**DISCUSSION:**

## I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

II.

## II. MONTANEZ'S OBJECTIONS ARE WITHOUT MERIT

On April 10, 2006, Montanez filed an eighteen-page document captioned "Plaintiff's Response w/ Written Objections." (Rec. Doc. No. 57.) Plaintiff's arguments are largely incoherent and determining specific objections to the magistrate's report is difficult despite plaintiff's line-by-line analysis of the magistrate judge's report.

## III. RECENT DECISIONS WARRANT REMAND

Recently, a state-prisoner's challenge to the constitutionality of DC-ADM 005 and 42 Pa. C.S.A. § 9728(b)(5) came before the United States Court of Appeals for the Third Circuit. Hale v. Beard, No. 05-3259, 2006 WL 460895 (3d Cir. Feb. 27, 2006) (per curiam). In Hale, the Third Circuit remanded the case to the district court after his complaint had been dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court of Appeals noted that inmates seeking to enforce their due process rights in the application of DC-ADM 005 can file a section 1983 action. Id. at *2. In Hale the Third Circuit rejected the District Court's grounds for dismissal which included that the state of Pennsylvania provides an adequate postdeprivation remedy. Id. at *1.

In Hale the Court of Appeals also noted the recent decision of the

Pennsylvania Supreme Court in <u>Buck v. Beard</u>, 879 A.2d 157 (Pa. 2005), where the Commonwealth's highest court addressed what sort of process was due in this situation.  Buck, like Montanez, argued that due process required an individualized predeprivation hearing before the Department of Corrections could deduct payments from his account for fines, costs, or restitution.  The Pennsylvania Supreme Court held that because Section 9728(b)(5) became effective two years before the imposition of Buck's sentence, and because he was afforded an opportunity at the sentencing hearing to persuade the court not to impose fines, costs, or restitution, Buck was on sufficient notice and had an opportunity to be heard predeprivation in order to satisfy due process.  <u>Buck</u>, 879 A.2d at 160, 162.

  In <u>Hale</u>, the Third Circuit stated:

> While we ultimately may conclude, as the Pennsylvania Supreme Court did, that the existence of the statute and the proceedings attendant to sentencing provide sufficient notice and an opportunity to be heard to satisfy the requirements of due process, we are reluctant to address this issue without first hearing argument from the Commonwealth.

2006 WL 460895, *2.

  Although we recognize <u>Hale</u> is not precedential, there are several reasons for the instant matter to be remanded for further proceedings in light of that decision.  Because of the <u>Hale</u> and <u>Buck</u> decisions, we are reluctant to adopt the magistrate

judge's report and recommendation at this stage. The defendant's brief was filed before <u>Buck</u>, and the magistrate judge's report was filed before <u>Hale</u>. As the above excerpt from <u>Hale</u> indicates, the Third Circuit is reluctant to address the due process afforded under DC-ADM 005 and 42 Pa. C.S.A. § 9728(b)(5) without first hearing argument from the Commonwealth. In the instant case the Commonwealth has filed a motion to dismiss but without the aid of the decisions in <u>Hale</u> and <u>Buck</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The report and recommendation of Magistrate Judge Mannion is disapproved.

2. The case is remanded to Magistrate Judge Mannion for further proceedings consistent with the foregoing discussion.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge