**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DOMINGO COLON MONTANEZ,** : | |
|     **Plaintiff** : | **CIVIL ACTION NO. 4:04-02569** |
| v. : | **(MCCLURE, D.J.)** |
| | **(MANNION, M.J.)** |
| **JEFFREY A. BEARD, Ph.D.,** : | |
| **Secretary & Commissioner of** | |
| **the Pennsylvania Department of** : | |
| **Corrections,** | |
| : | |
|     **Defendant** | |
| : | |

## REPORT AND RECOMMENDATION

By way of relevant background, on November 29, 2004, the plaintiff, an inmate at the State Correctional Institution at Fayette, ("SCI-Fayette"), LaBelle, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1.) The plaintiff challenges the constitutionality of the Department of Corrections', ("DOC"), policy, DC-ADM 005, "Collection of Inmate Debts," issued pursuant to 42 Pa.C.S. §9728(b)(5) (commonly, and hereinafter, referred to as "Act 84"), by alleging that the policy deprives him of a property interest and due process in violation of the Fifth and Fourteenth Amendments. (Doc. No. 1.)

An order directing process was issued, (Doc. No. 18), and a motion to dismiss was subsequently filed on behalf of the defendant. (Doc. No. 29). After the motion was fully briefed, (Doc. Nos. 30 & 34), by report dated February 14, 2006, the undersigned recommended that the defendant's motion to dismiss be granted. (Doc. No. 54). In recommending dismissal of

the plaintiff's complaint, the undersigned found, in part, with respect to the plaintiff's due process claim, that the plaintiff had adequate post-deprivation remedies, such that his complaint failed to state a claim upon which relief can be granted[1]. The plaintiff filed objections to the report on April 10, 2006. (Doc. No. 57).

By order dated April 24, 2006, the district judge found the plaintiff's objections to the report to be without merit, but declined to adopt the report, instead remanding the matter for further consideration in light of the Third Circuit's decision in Hale v. Beard, No. 05-3259, 2006 WL 460895 (3d Cir. Feb. 27, 2006)(per curiam). (Doc. No. 59).

By order dated April 25, 2006, the undersigned directed the defendant to file a supplemental brief addressing the Third Circuit's decision in Hale, as it applies to the instant action. The plaintiff was given time to file a responsive brief. (Doc. No. 60).

On May 12, 2006, the defendant filed his brief addressing the Hale decision as directed. (Doc. No. 64). The plaintiff filed a responsive brief on May 25, 2006. (Doc. No. 65).

In Hale, as in the instant action, an inmate brought a §1983 challenge to the constitutionality of DC-ADM 005 and 42 Pa.C.S. §9728(b)(5). The

---

[1]The court also found: (1) to the extent that the defendant was being sued in his official capacity, he was entitled to Eleventh Amendment immunity, and (2) to the extent that the plaintiff was basing his claim against the defendant based upon a theory of respondeat superior, his complaint should be dismissed for failure to state a claim upon which relief can be granted.

2

Honorable James M. Munley dismissed the action on preliminary consideration finding that the State of Pennsylvania provides an adequate post-deprivation remedy. On appeal, the Third Circuit found that inmates seeking to enforce their due process rights in the application of DC-ADM 005 can file a §1983 action. In determining what process was due the plaintiff in such a situation, the Third Circuit referenced the Pennsylvania Supreme Court's decision in Buck v. Beard, 879 A.2d 157 (Pa. 2005). In Buck, as in the instant case, the plaintiff argued that due process required an individualized pre-deprivation hearing before the DOC could deduct payments from his account for fines, costs, or restitution. While the Pennsylvania Supreme Court found that the plaintiff was entitled to pre-deprivation due process, it also found that because §9728(b)(5) became effective two years before the imposition of Buck's sentence, and because he was afforded an opportunity at the sentencing hearing to persuade the court not to impose fines, costs, or restitution, and could have filed an appeal with respect to that portion of his sentence, the plaintiff was on sufficient notice and had an opportunity to be heard pre-deprivation in order to satisfy due process. Buck, 879 A.2d at 160, 162.

> In Hale, the Third Circuit indicated that:
>> While we ultimately may conclude, as the Pennsylvania Supreme Court did, that the existence of the statute and the proceedings attendant to sentencing provide sufficient notice and opportunity to be heard to satisfy the requirements of due process, we are reluctant to address this issue without first hearing argument from the Commonwealth.

3

2006 WL 460895, *2.

The parties in the instant action have had the opportunity to address the decisions of both the Pennsylvania Supreme Court in <u>Bucks</u> and the Third Circuit in <u>Hale</u>. (Doc. No. 64). While the plaintiff has not discussed the Pennsylvania Supreme Court's decision in <u>Bucks</u>, the defendant argues that the facts of the instant case fit squarely within the parameters of <u>Bucks</u> decision. The court agrees. Specifically, as in <u>Bucks</u>, the plaintiff in the instant action had been sentenced well after the enactment of §9728(b)(5)[2], thereby putting the plaintiff on notice of the DOC's statutory authority to deduct funds from his account. Moreover, the plaintiff had the opportunity to present evidence to persuade the court not to impose fines, costs, and restitution at his sentencing hearing, at which the court was statutorily required to consider the plaintiff's ability to pay[3]. He also had a right to file an appeal from that portion of the sentence relating to the imposition of fines, costs and restitution. As in <u>Bucks</u>, the plaintiff had both notice and an opportunity to be heard, as was required by due process. Thus, he was not entitled to any additional judicial hearing prior to the deduction of monies from his account by the DOC. The DOC simply carried out the lawful order of the

---

[2]Section 4 of Act 84, which added subsections (b)(3) and (b)(5) to Section 9728, was enacted June 18, 1998, and became effective 120 days later. <u>Buck v. Beard</u>, 879 A.2d at 158 n.2. The plaintiff was sentenced on January 7, 2000. <u>Commonwealth v. Colon-Montanez</u>, Court of Common Pleas of Berks County, Criminal Docket No. CP-06-CR-0001093-1999.

[3]<u>See</u> 42 Pa.C.S. §9726(d).

sentencing court by establishing and following reasonable guidelines pursuant to §9728(b)(5).

With respect to the Third Circuit's decision in Hale, the plaintiff argues that, because the Third Circuit disagreed with the reasoning of the lower court and concluded that the availability of post-deprivation state court proceedings did not bar the plaintiff's federal procedural due process claims pursuant to §1983, he is entitled to relief in this case.  (Doc. No. 65, p. 6).  As discussed by the defendant, however, the finding by the Third Circuit that the plaintiff may pursue his due process claim pursuant to §1983 does not end the inquiry.  The court must proceed to determine whether the plaintiff has, in fact, been accorded adequate process.  As discussed above, under the reasoning of the Pennsylvania Supreme Court, the plaintiff has been accorded adequate process.

The Third Circuit has noted, however, that it has yet to address the specific issue of what constitutes due process under the federal Constitution, in this situation.  Traditionally, the Third Circuit indicated that in assessing a procedural due process claim, it would balance the private interest, the governmental interest, and the value of the available procedure in safeguarding against an erroneous deprivation of property.  Hale, 2006 WL 460895 at *534.  (citations omitted).

In considering the private interest in this case, as discussed in this court's previous report, while the inmate may be burdened by the Act 84 deductions from his account, the burden is not so great as to outweigh the

5

competing interests. Specifically, the deductions are limited to no more than twenty percent of the plaintiff's funds and may never be assessed when the plaintiff has less than $10.00. Moreover, as noted by the defendant, the private interest is limited to the plaintiff's interest in the funds that are in his account, and the plaintiff, in any event, has limited control over these funds as a matter of course. Further, as noted by the defendant, the deductions actually serve the interests of the inmate, in that they go to diminish debts and pecuniary obligations that, if not paid during the inmate's incarceration, would be demanded upon his eventual release.

With respect to the governmental interest in maintaining the deductions pursuant to DC-ADM 005 and §9728(b)(5), as set forth in this court's previous report, every inmate under the DOC's supervision is potentially subject to Act 84 assessments. It is clear that the courts are not in a position to micromanage prison administration and provide a hearing before every deduction from an inmate's account. Moreover, as set forth by the defendant, the state maintains a significant interest in compensating victims and teaching inmates responsibility by requiring them to pay their debts to society and develop prudent financial management.

Finally, as discussed by the court in its previous report, the risk of erroneous deductions is unlikely because the deductions are routine and ministerial. Cf. Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)("The assessments and takings pursuant to the program involve routine matters of accounting, with a low risk of error."). Moreover, as pointed

out by the defendant, the deduction procedures are further controlled by the inmate grievance system, through which inmates may seek redress of any real or perceived improprieties regarding deductions from their accounts. Thus, any additional or substitute procedures would be of little benefit, and would only act to increase the Commonwealth's financial and administrative burdens.

Considering the above balancing factors as set forth by the Third Circuit in Hale, the interests clearly weigh in favor of the Commonwealth, necessitating a finding that the system currently in place satisfies the requirements of due process.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

the defendant's motion to dismiss be granted and the plaintiff's complaint be dismissed.

                                                S/ Malachy E. Mannion
                                                **MALACHY E. MANNION**
                                                **United States Magistrate Judge**

**Date: June 23, 2006**
O:\shared\REPORTS\2004 Reports\04-2569.02.wpd