IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINGO COLON MONTANEZ, | : | |
| | : | |
| Plaintiff, | : | Case No. 4: CV-04-2569 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, Ph.D., | : | (Judge McClure) |
| Secretary & Commissioner of the | : | (Magistrate Judge Mannion) |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

July 12, 2006

**BACKGROUND:**

On November 29, 2004, plaintiff Domingo Colon Montanez, an inmate at the State Correctional Institution at Fayette, LaBelle, Pennsylvania commenced this section 1983 civil rights action against the defendant Secretary of the Department of Corrections. Plaintiff asserts that the Department of Corrections ("DOC") policy, DC-ADM 005, violates his constitutional rights by depriving him of property without due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution. He asserts that this deprivation occurs when the DOC makes deductions from Montanez's inmate account pursuant to DC-ADM 005,

1

issued pursuant to 42 Pa. C.S.A. § 9728(b)(5).  Plaintiff seeks monetary damages in his complaint.

The matter was initially referred to United States Magistrate Judge Malachy Mannion.

On May 20, 2005, defendant Beard filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  On February 14, 2006, Magistrate Judge Mannion issued a fourteen-page report recommending that Beard's motion to dismiss be granted.  On April 24, 2006, we remanded the case to the magistrate judge for further briefing in light of the recent decisions of Hale v. Beard, 168 F. App'x 532 (3d Cir. 2006) (per curiam) and Buck v. Beard, 879 A.2d 157 (Pa. 2005).  Following briefing by the parties on these cases the magistrate judge issued a seven-page report again recommending that Beard's motion to dismiss be granted.  On or about July 10, 2006, plaintiff filed his objections to the magistrate judge's report and recommendation along with a motion for leave to amend his complaint.

For the following reasons we will deny plaintiff's motion for leave to amend his complaint, adopt the magistrate judge's report and recommendation in full, grant defendant's motion to dismiss, and direct the clerk to close the case file.

# I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

# II.  MONTANEZ'S OBJECTIONS ARE WITHOUT MERIT

In our April 23, 2006 order we noted that plaintiff's objections to the first magistrate judge's report were difficult to decipher and were without merit, despite plaintiff making a line-by-line analysis of the magistrate judge's report and recommendation.  In relevant part we stated:

> On April 10, 2006, Montanez filed an eighteen-page document captioned "Plaintiff's Response w/ Written Objections."  (Rec. Doc. No. 57.)  Plaintiff's arguments are largely incoherent and determining specific objections to the magistrate's report is difficult despite plaintiff's line-by-line analysis of the magistrate judge's report.

(Rec. Doc. No. 59, at 3.)

After issuing that order we were surprised to see that Montanez has chosen to rely on nearly eleven (11) pages of his original objections to the magistrate report in his most recent twenty-four (24) page objections to the magistrate judge's newest report and recommendation.  Pages Eight through Nineteen of Montanez's

objections are nearly identical to pages Five through Sixteen of the previous objections that we previously labeled "largely incoherent." The only modification that Montanez has made to his previous objections is removing the line-by-line objections contained in his original argument. We continue to find his arguments on those eleven pages unpersuasive.

We now turn to the specific objections Montanez makes to the magistrate judge's report and recommendation. First, Montanez asserts that Buck v. Beard, 879 A.2d 157 (Pa. 2005), involves very different facts then his case. Specifically, Montanez argues that nowhere in Buck do the parties or the court make an argument under the administrative agency laws, but instead the court discusses 42 Pa. C.S.A. § 9728(b)(5). Montanez's claim challenges the constitutionality of the DOC policy for withdrawing inmate funds pursuant to DC-ADM 005-1. Montanez's argument that Buck is inapposite is without merit. Montanez's claim involves what is commonly known as "Act 84, pursuant to which 'wages, salaries and commissions of individuals' may be attached '[f]or restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding.'" 42 Pa. C.S.A. § 8127(a)(5). The United States Court of Appeals for the Third Circuit has already addressed the connection between 42 Pa. C.S.A. § 9728(b)(5), DC-ADM 005-1, and the operation of Act 84.

> Act 84 permits the county correctional facility or Department of Corrections "to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation." 42 Pa. C.S.A. § 9728(b)(5). That section also authorizes the Department of Corrections to develop guidelines for this procedure, see id., which it has done. See DC-ADM 005-1.

Hale, 168 F. App'x at 533 n.1.  Montanez is simply incorrect.

### III.  MONTANEZ'S REQUEST FOR LEAVE TO AMEND

On page twenty of his objections Montanez asserts that we should not dismiss his section 1983 claim against Beard in his individual capacity.  At this point he also argues that he should be granted leave to amend his pleading to assert greater personal involvement on the part of the defendant and to add more defendants and claims to his original lawsuit.  Plaintiff also filed a motion for leave to amend his complaint on the same day that he filed his newest objections.  In the magistrate judge's original report and recommendation the issue of Beard's individual involvement was already addressed so we will not belabor the point.  Quite simply, the allegations are that Beard issued a policy in accordance with state law and did not personally make any of the deductions from the plaintiff's account.

Federal Rule of Civil Procedure 15(a) states that a party may seek leave of the court to amend a pleading and "leave shall be freely given when justice so

requires." A court that offers no reason for denying a request for leave to amend a complaint has abused its discretion and has acted "inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). On the other hand, the United States Court of Appeals for the Third Circuit has articulated several grounds that could justify a court's denial of a party's motion to amend a pleading, which grounds include "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Leave to amend here would be futile. Furthermore, plaintiff has failed to comply with Local Rule 15.1 by failing to attach a proposed pleading. Instead, Montanez has made the general averment that he will add more claims and more defendants. Plaintiff makes this general claim only after extensive briefing and after the magistrate judge has issued his second report and recommendation on the matter. We fail to see how denying plaintiff leave to amend under these circumstances could be characterized as inconsistent with the spirit of the Federal Rules.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    The court adopts in full the magistrate judge's report and recommendation. (Rec. Doc. No. 66.) Plaintiff's objections are overruled.

    2.    Defendant's motion to dismiss the complaint is granted. (Rec. Doc. No. 29.)

    3.    Plaintiff's motion for a hearing is denied as moot. (Rec. Doc. No. 50.)

    4.    Plaintiff's motion for leave to amend his complaint is denied as futile. (Rec. Doc. No. 68.)

    5.    The clerk is directed to close the case file.

    6.    The court certifies pursuant to 28 U.S.C. § 1915A that any appeal taken from this order would not be taken in good faith.

     s/ James F. McClure, Jr.  
    JAMES F. McCLURE, JR.  
    United States District Judge