**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOMINGO COLON MONTAÑEZ and TIMOTHY A. HALE,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFFREY A. BEARD, *et al*.,<br><br>    Defendants. | CIVIL ACTION NO. 4:CV-04-2569<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me are Defendants' Motion to Dismiss for Suggestion of Mootness (Doc. 315) and the Motion to Intervene (Doc. 320) filed by Plaintiff Timothy Hale and Applicants Nakia Yancy and Marc Anthony Arnold. For the reasons that follow, the motion to dismiss will be granted and the motion to intervene will be denied.

## I. Background

Plaintiff Timothy Hale ("Hale") commenced this action in December 2004.[1] In his subsequently filed amended complaint, Hale alleged that the Pennsylvania Department of Corrections ("DOC") violated his due process rights under the Fourteenth Amendment when they withdrew money from his prison account. Specifically, Hale contended that inmates "must be provided with notice of the DOC Policy and an opportunity to be heard regarding application of the Policy prior to the first deduction" of funds from their prison accounts. *See Montanez v. Sec'y Pa. Dep't of Corrs.*, 773 F.3d 472, 482-83 (3d Cir. 2014).

After two appeals to the Third Circuit, the action proceeded to discovery. Following the close of discovery, the parties filed cross-motions for summary judgment. On January 22, 2013, Defendants' motion for summary judgment was granted and Plaintiffs' cross-

---

[1] Domingo Colon Montañez filed a separate action in this Court in 2004 raising a due process claim identical to that raised by Hale. The actions were ultimately consolidated in 2010 under the above-captioned civil action number.

motions for summary judgment were denied. (Docs. 293; 294.) As to Plaintiff Hale, I reasoned that his constitutional rights were not violated because the DOC's post-deprivation grievance procedures were sufficient to meet his due process rights, and that no pre-deprivation hearing was required. (Doc. 293, 15-16.) Additionally, I noted that individual Defendants were entitled to summary judgment on the basis of qualified immunity because the right to pre-deprivation notice and a hearing before monies were deducted from inmate prison accounts was not clearly established in 2004. (*Id*. at 18.)

Hale timely appealed, and the Third Circuit held that inmates are entitled to pre-deprivation notice and an opportunity to be heard before being deprived of funds from their inmate accounts. *See Montanez*, 773 F.3d at 485-86. Accordingly, the Third Circuit concluded that the Corrections Official Defendants were not entitled to summary judgment because "disputes of fact exist[ed] regarding notice and because Hale never had any opportunity to be heard prior to being deprived of funds in his inmate account . . . ." *Id*. at 486-87. The Third Circuit additionally held that it was not clearly established in 2004 that the failure to provide prison inmates with a pre-deprivation opportunity to object to automatic deductions from their prison accounts violated the Due Process Clause. *Id*. at 487. Thus, the Third Circuit held that "the DOC was entitled to qualified immunity with regard to Hale's claims for monetary relief." *Id*. But, although the defendants were entitled to qualified immunity on Hale's damages claim, the Third Circuit emphasized that this did not prevent the case from proceeding to trial on Hale's claim for injunctive relief. *See id*. at 488 ("The fact that the defendants are entitled to qualified immunity on Hale's damages claim does not prevent this case from moving forward on Hale's claim for injunctive relief. . . . As a result, Hale may still proceed to trial on his claim for injunctive relief."). As such, the Third

Circuit remanded for further proceedings on that claim. *See id.*[2]

Following remand, Defendants filed the instant motion to dismiss on October 21, 2014. Defendants note that during the pendency of the appeal to the Third Circuit, Hale was released from prison by the Pennsylvania Board of Probation and Parole. (Doc. 315, Ex. A.) Defendants contend that Hale's release from prison renders his claims for declaratory and injunctive relief moot. Hale filed a brief in opposition to the motion to dismiss on November 17, 2014, and Defendants filed a reply brief in further support of their motion on December 3, 2014.

Subsequently, Yancy and Arnold filed the motion to intervene on February 25, 2015. Yancy and Arnold assert that their motion to intervene should be granted because they satisfy the requirements to intervene as of right or permissively pursuant to Federal Rule of Civil Procedure 24. Defendants filed a brief in opposition to the motion to intervene on March 16, 2015, and Yancy and Arnold filed a reply brief in further support of their motion on March 30, 2015.

Accordingly, the motion to dismiss and the motion to intervene are now fully briefed and ripe for disposition.

## II. Discussion

### A.     The Motion to Dismiss

As stated, Defendants seek to dismiss Plaintiff Hale's claims as moot because he was released from prison in March 2014. The motion to dismiss will be granted.

"Under Article III, section 2 of the U.S. Constitution, federal judicial power extends only to cases and controversies. If a claim no longer presents a live case or controversy,

---

[2]   Unlike Hale's appeal, the Third Circuit affirmed the entry of summary judgment against Montañez because his claims were barred by the statute of limitations. *See Montanez*, 773 F.3d at 480-82.

the claim is moot, and a federal court lacks jurisdiction to hear it." *Nextel Partners Inc. v. Kingston Twp.*, 286 F.3d 687, 693 (3d Cir. 2002) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).  In other words, "[f]ederal courts are not empowered to decide moot questions." *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (per curiam)). "In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison." *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009) (citing *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993)).

As to Hale's claim for injunctive relief regarding the collection of funds from his inmate account without notice, he no longer has a continuing interest in that prison policy because he has been released from prison. *See, e.g., Cobb*, 342 F. App'x at 859; *Abdul-Akbar*, 4 F.3d at 206; *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). Therefore, Hale's request for injunctive relief is moot.

Moreover, Hale's injunctive and declaratory claims do not satisfy the exception from the mootness doctrine for cases "capable of repetition yet evading review." *See Sutton*, 323 F.3d at 248 (release from prison generally moots equitable and declaratory claims unless the inmate can satisfy the "capable of repetition" doctrine). "The 'capable of repetition' doctrine is a narrow exception to the mootness principle and is limited to cases presenting two elements: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again.'" *Abdul-Akbar*, 4 F.3d at 206 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975)).

Hale fails to satisfy either of these requirements.  First, inmates subject to the action at issue- the deduction of funds from an inmate account without notice and an opportunity to be heard- are incarcerated for a sufficiently lengthy time to fully litigate challenges to these deductions. *See, e.g., Abdul-Akbar*, 4 F.3d at 206 ("Abdul-Akbar does not assert that mootness could be avoided on the ground that inmates at MSU fail to remain confined in that facility for a sufficient length of time to fully litigate a legal claim.").  Second, there is not a reasonable likelihood that Hale will be subjected to the same action again because "[s]peculation that [he] could return to prison does not overcome the mootness doctrine." *Cobb*, 342 F. App'x at 859; *see also Abdul-Akbar*, 4 F.3d at 207 ("Such conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power. . . . Because the district court had no support or basis for its 'reasonable expectation' that Abdul-Akbar 'could' again be incarcerated at MSU, we cannot sustain the district court's speculative hypothesis."); *Glaster v. Federal BOP-Inmate Designation and Custody Classification Personnel/Officer*, No. 08-193, 2008 WL 2563275, at *1 (M.D. Pa. June 24, 2008) (Caputo, J.) ("A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. ").  Because Hale fails to satisfy the "capable of repetition" doctrine, the motion to dismiss will be granted.

**B.   The Motion to Intervene**

Also before me is the motion to intervene in this action filed by Nakia Yancy, an inmate currently incarcerated at SCI Dallas, and Marc Anthony Arnold, an inmate presently incarcerated at SCI Fayette.[3]  Yancy and Arnold seek to intervene in this action either as of right or permissively pursuant to Federal Rule of Civil Procedure 24.  Rule 24 states:

---

[3]   SCI Fayette is located in Fayette County, which is in the Western District of Pennsylvania.

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . . .
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24. Rule 24 also provides that the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "An application to intervene, whether of right or by permission, must be timely under the terms of Rule 24." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982).

In opposition to Yancy and Arnold's request to intervene, Defendants argue that: (1) the application was not timely filed; (2) the requirements to intervene as of right are not satisfied; and (3) permissive intervention is not warranted in this case. For the reasons that follow, the motion to intervene will be denied.

First, while not addressed by the parties, the movants fail to comply with the requirements of Rule 24(c). As stated, Rule 24(c) requires that the motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," Fed. R. Civ. P. 24(c), and "[c]ourts in this Circuit have denied motions to intervene

when an applicant fails to meet the procedural requirements of Rule 24(c)." *Surety Adm'rs, Inc. v. Samara*, No. 04-5177, 2006 WL 173790, at *3 (E.D. Pa. June 20, 2006) (citing, *inter alia*, *SEC v. Investors Sec. Leasing Corp.*, 610 F.2d 175, 177-78 (3d Cir. 1979) ("Because the requirements of [R]ule 24(c) were not complied with, the owners were not proper parties in the district court.")); *but see, e.g., U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 413 (W.D. Pa. 2006) ("The Court thus finds that it has the authority to employ its discretion and consider a motion to intervene that contains no pleading, but instead includes a motion to compel arbitration and stay the proceedings.").

Second, even disregarding Yancy and Arnold's failure to comply with the requirements of Rule 24(c), the motion to intervene is untimely. "The timeliness of a motion to intervene is 'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.'" *In re Fine Paper*, 695 F.2d at 500 (citation omitted). Factors relevant to this determination include "(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." *Id*. (alteration, citations, and internal quotation marks omitted). Although the mere passage of time does not render an application to intervene untimely, "the critical inquiry is: what proceedings of substance on the merits have occurred?  This is because the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369-70 (3d Cir.1995) (internal citations omitted).

Applying these factors, and considering the stage of the proceedings of the litigation, Yancy and Arnold's application to intervene is not timely. This action has been proceeding for over ten years. Discovery closed four years ago. Dispositive motions have been ruled on and appealed to the Third Circuit. At this point, reopening discovery to address the facts

7

and circumstances specific to the deduction of funds from Yancy and Arnold's inmate accounts would unfairly prejudice Defendants. Thus, because the application to intervene is untimely, Yancy and Arnold are unable to satisfy the requirements to intervene as of right or permissively.

Third, even if the motion to intervene was timely, Yancy and Arnold fail to satisfy the requirements to intervene as of right. To intervene as of right under Rule 24(a)(2), the Third Circuit has stated that the movant must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Here, Yancy and Arnold are unable to establish that their interests will be impaired by the disposition of the action as there is not "a tangible threat to [their] legal interest." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992) (noting that this factor can be met when "a determination of the action in the applicants' absence will have a significant stare decisis effect on their claims, or if the applicants' rights may be affected by a proposed remedy"); *accord McLune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) ("it is axiomatic that intervention will not be permitted to breathe life into a nonexistent lawsuit.").

Lastly, permissive intervention is not appropriate in this case. Rule 24(b)(1) permits intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*. at (b)(3). As previously explained, Defendants would be prejudiced by allowing Yancy and Arnold to intervene at this stage in the litigation.

Thus, under the facts and circumstances presented here, permissive intervention is not warranted.

### III. Conclusion

For the above stated reasons, the motion to dismiss will be granted and the motion to intervene will be denied.

An appropriate order follows.

| | |
|---|---|
| May 21, 2015<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |